**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | C.A. No.: 3:13-cv-777-JFA |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING MOTION |
| ) | FOR DEFAULT JUDGMENT |
| WILLIAM PEEBLES and CAMDEN WING, ) | |
| SHACK, LLC d/b/a CAMDEN WING SHACK ) | |
| ) | |
| Defendants. ) | |

Upon consideration of Plaintiff's Motion for Final Default Judgment ("Motion"), the accompanying Memorandum of Points and Authorities in Support thereof and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants, William Peebles and Camden Wing Shack, LLC d/b/a Camden Wing Shack, (hereinafter "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Original Complaint are deemed admitted against Defendants; that Defendants exhibited the closed circuit, "UFC 115: Liddell v. Franklin" Broadcast, including all undercard bouts and the entire television broadcast, scheduled for June 12, 2010, (hereinafter "Broadcast") without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That Judgment by default be entered in favor of Plaintiff and against Defendants, William Peebles and Camden Wing Shack, LLC d/b/a Camden Wing Shack.

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants in the amount of $4,400.00.

3. That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants in the amount of $15,000.

4. That Plaintiff recover attorneys' fees from Defendants in the amount of $1,500.00 and costs in the amount of $405.00 relating to the prosecution of this matter.

5. That Plaintiff recover, in the event Defendants fail to voluntarily pay the judgment, is entitled to reasonable attorneys' fees for post-trial and appellate services.

6. The Court also enjoins Defendants from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

7. The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at the prevailing annual rate from the date of this Judgment until paid.

8. All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

9. This judgment is a final judgment.

IT IS SO ORDERED.

July 1, 2013                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge